IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON MORGAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DURAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-02-6316 AWI DLB P<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES<br><br>[Doc 70] |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Defendants answered the second amended complaint upon which this action proceeds on January 3, 2005 and the Court issued an order opening discovery on January 26, 2005. On April 20, 2005, plaintiff filed a motion to compel further responses to interrogatories 4, 5, and 6 served on defendant Duran on January 12, 2005 and February 4, 2005. When defendants did not file an opposition to the motion, the Court ordered them to do so. Defendants filed an opposition on August 11, 2005 and plaintiff filed a reply on August 17, 2005.

　　　　The following Interrogatories are at issue:

　　　　<u>Interrogatory No. 4</u>: On August 8, 2002, did you use a lancet to give Jonathan Morgan a fingerstick?

　　　　<u>Response to Interrogatory No. 4</u>: On August 8, 2002, I ordered Morgan to perform a diabetes test.

1

1  Interrogatory No. 5: On 8/8/02, did you acquire Jonathan Morgan's informed written consent to
2  perform the fingerstick procedure?
3  Response to Interrogatory No. 5: Jonathan Morgan gave me his verbal consent to aid performing
4  the diabetes test.
5  Interrogatory No. 6: On 8/8/02, during all time [sic] while you were administering the fingerstick,
6  Jonathan Morgan was under restraints of a Lanyard operated and controlled by defendant Warner
7  through a Food Tray Slot?
8  Response to Interrogatory No. 6: On August 8, 2002, Jonathan Morgan was wearing a restraint
9  while I was aiding him performing the diabetes test.
10  Plaintiff argues the responses are evasive and incomplete. Defendants argue the answers are
11  appropriate. The Court agrees with plaintiff as to Interrogatory numbers 4 and 6.

## DISCUSSION

13  Federal Rule of Civil procedure 33(b) requires each interrogatory to be answered separately and
14  fully in writing under oath, unless it is objected to, in which event the objecting party shall state the
15  reasons for objection and shall answer to the extent the interrogatory is not objectionable. Fed. R. Civ.
16  P. 33(b).
17  Defendant's answers to Interrogatories 4 and 6 are not responsive to plaintiff's questions. In
18  Interrogatory Number 4, plaintiff asks whether defendant Duran performed the fingerstick. In response,
19  defendant states that he ordered plaintiff to perform a diabetes test. This response does not address
20  plaintiff's question of whether defendant himself performed the fingerstick. Similarly, in response to
21  Interrogatory Number 6, defendant states that plaintiff was wearing a restraint while defendant was
22  "aiding him performing the diabetes test" but defendant fails to respond to the interrogatory which
23  specifically asks whether plaintiff was "under restraints of a Lanyard operated and controlled by
24  defendant Warner through a Food Tray Slot." Plaintiff's interrogatories are appropriately designed to
25  narrow the issues in this case and he is entitled to complete answers from defendant.
26  ///
27  ///
28  ///

1  Accordingly, plaintiff's motion to compel further responses to Interrogatory Numbers 4, 5 and 6 is GRANTED in part.  Defendant is ordered to provide further responses to Interrogatory Numbers 4 and 6 within 10 days of this Order.  Plaintiff's motion with respect to Interrogatory Number 5 is DENIED.

IT IS SO ORDERED.

Dated:   September 8, 2005                    /s/ Dennis L. Beck
3b142a                                        UNITED STATES MAGISTRATE JUDGE