# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHON MORGAN,

           Plaintiff,

vs.

DURAN, et al.,

           Defendants.

CASE NO. 1: 02 CV-F-6316 AWI DLB P

ORDER RE PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

[Doc 78]

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint alleging violation his Eighth Amendment rights by defendants Doran (sued herein as "Duran"), Chacon and Warner arising out of an incident where defendants allegedly performed a finger stick blood test on plaintiff. Defendants answered the second amended complaint on January 3, 2005 and the Court issued an order opening discovery on January 26, 2005. On June 17, 2005, plaintiff filed a motion compel further response to his request for production of documents served on defendant Doran. When defendant did not file an opposition to the motion, the Court ordered him to do so. Defendant filed an opposition on August 11, 2005 and plaintiff filed a reply on August 17, 2005.

    Plaintiff requests the following documents:

        Any/all complaints (California Regulation, Title 15, section(s) 3084.1(e);

3391 filed within the last five (5) years against K. Doran alleging brutality, excessive or unreasonable force.

Defendant Doran responded as follows:

> Defendant K. Doran objects to the requested documents on the grounds that it seeks a peace officer's personnel records which are privileged and confidential and are discoverable, if at, only via a motion in accordance with California Evidence Code sections 1043, 1045, 1046 and 1047. See also, *Martinez v. City of Stockton*, 134 F.R.D. 677 (E.D. Code 1990) and Penal Code sections 832.7 and 832.8.

## **DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . . The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

In federal question cases, privileges asserted in response to discovery requests are determined under federal law, not the law of the forum state. Fed. R. Evid. 501; United States v. Zolin, 491 U.S. 554, 562 (1989); Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). Federal common law recognizes a qualified privilege for official information, also known as the governmental privilege, or state secret privilege. Kerr v. United States District Court for the Northern District of California, 511 F.2d 192, 198 (9th Cir. 1975). The application of the official information privilege is "contingent upon the competing interests of the requesting litigant and subject to disclosure especially where protective measures are taken." Id.

Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir.1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir.1992), *cert. den.* 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132

F.R.D. 548, 550-51 (E.D.Cal.1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

The documents requested are relevant to plaintiff's claim that defendant Doran violated his rights under the Eighth Amendment. Defendants argue that plaintiff has no expectations of getting the documents into evidence. However, admissibility is not determinative. *See* Fed.R.Civ.P. 26(b)(1). While the Court is mindful that there is likely private and sensitive information contained within the responsive documents, if any, the balance of hardships tips in plaintiff's favor for a limited disclosure, subject to the conditions of this order and for use only in this litigation. The Court rejects defendant's argument that he does not have custody or control over the documents. While they may be the "property" of the California Department of Corrections, defendant surely has the legal right to obtain copies of the documents.

Accordingly, defendant Doran Austin is HEREBY ORDERED to documents responsive to plaintiff's request, if any exist, within 30 days of this Order subject to the following:

1. Defendant shall redact any and all private or personal information including but not limited to social security numbers, home addresses, telephone numbers, family information and background information of defendant or any other CDC employees or inmates who are not parties to this action;

2. The documents shall be disclosed only to plaintiff representing himself in this action; Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action; witnesses to whom the documents may be disclosed during or in preparation for a deposition taken in this matter or otherwise during the preparation for trial and trial, provided that the witness may not leave any deposition with copies of any of the documents, and shall be informed and agree to be bound by the terms of this order.

3. Plaintiff shall not make copies of the confidential material except as necessary for purposes of this litigation.

///

///

1      4.    The documents in plaintiff's possession shall be destroyed or returned to the CDC within

2          20 days of the time it is no longer needed for purposes of this litigation.

3    IT IS SO ORDERED.

4    **Dated:**   **September 8, 2005**            **/s/ Dennis L. Beck**
   3b142a                                        UNITED STATES MAGISTRATE JUDGE