IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON MORGAN,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DURAN, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-02-6316 AWI DLB P<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>[Doc 122] |

　　　　Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on plaintiff's second amended complaint alleging violation his Eighth Amendment rights by defendants Doran (sued herein as "Duran"), Chacon and Warner arising out of an incident where defendants allegedly performed a finger stick blood test on plaintiff. Defendants answered the second amended complaint upon which this action proceeds on January 3, 2005 and the Court issued an order opening discovery on January 26, 2005. On June 17, 2005, plaintiff filed a motion compel further response to his request for production of documents served on defendant Doran. When defendant did not file an opposition to the motion, the Court ordered her to do so. Defendant filed an opposition on August 11, 2005 and plaintiff filed a reply on August 17, 2005. On September 9, 2005, the Court ordered defendant Doran to provide to plaintiff any documents responsive to the following request:

> Any/all complaints (California Regulation, Title 15, section(s) 3084.1(e); 3391 filed within the last five (5) years against K. Doran alleging brutality, excessive or unreasonable force.

　　　　In response to the Court's order, on September 29, 2005, defendant Doran provided a declaration

1

1  stating that, "I reviewed my personnel file and I do not have any complaint during the last five years.
2  I declare the foregoing is true and correct and based upon my personal knowledge."

3  On October 13, 2005, plaintiff filed an objection to the declaration on the grounds that it was not
4  executed by the head of the department and the declaration was not signed under penalty of perjury.
5  Plaintiff now seeks sanctions against defendants for failure to comply with the Court's September 9,
6  2005 Order.

## DISCUSSION

Where a party fails to obey a court order to provide or permit discovery, the court may make such orders in regard to the failure as are just. *See* Fed.R.Civ.P. 37(b)(2). There is no specific requirement that responses to a request for production of documents be signed under oath by the party to whom the request is directed, however, like all pleadings, the party's attorney must sign it, certifying that it was made in good faith. *See* Fed. R. Civ. P. 26(g).

In responding to the Court's order, defendant Doran provided a response, signed by her attorney, Stephen Egan, that she had reviewed her personnel file and found no documents responsive to plaintiff's request. While not required, defendant attached a declaration stating the same. Defendant Doran has complied with the Court's September 29, 2005 Order. Defendant has reviewed her personnel file and determined that there are no documents responsive to plaintiff's request and her attorney has so certified by signing a pleading to this effect. The Federal Rules of Civil Procedure require no more. Plaintiff has offered no evidence in support of his contention that defendant's response lacks trustworthiness. Absent some reliable evidence to the contrary, the Court must accept defendant's representation that a search has been performed and responsive documents do not exist.

Accordingly, plaintiff's motion for sanctions is HEREBY DENIED. Defendants are reminded however, that they will not be permitted to use evidence at trial or in support of a motion for summary judgment, which was the subject of a discovery request and was not provided to plaintiff.

IT IS SO ORDERED.

**Dated:   December 14, 2005**           **/s/ Dennis L. Beck**
3b142a                                    UNITED STATES MAGISTRATE JUDGE