1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JONATHON MORGAN,                          CASE NO. CV-F-02-6316 AWI DLB P

12                    Plaintiff,        _____ FINDINGS AND RECOMMENDATIONS
                                               RECOMMENDING DEFENDANTS'
13        vs.                                  MOTION FOR SUMMARY JUDGMENT
                                               BE DENIED AND PLAINTIFF'S CROSS
14   DURAN, et al.,                            MOTION FOR SUMMARY JUDGMENT BE
                                               DENIED
15                    Defendants.

16                                             [Docs. 103, 104]

17   _____/

18

19   **I.    Procedural History**

20        Plaintiff Jonathon Morgan  ("plaintiff") is a state prisoner proceeding pro se and in forma

21   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's

22   second amended complaint filed July 21, 2003, against defendants Doran, Warner and Chacon

23   (collectively "defendants") for use of excessive physical force in violation of the Eighth Amendment and

     deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1]

24        On September 26, 2005, defendants filed a motion for summary judgment and on September 28,

25

26   _____

27        [1]While the parties appear to have differing views of the specific claims on which ths action proceeds, the Court was
     clear in its September 2, 2004 Order that this case proceeds as ordered by the Ninth Circuit in its June 22, 2004 opinion which
     stated that plaintiff alleged facts sufficient to state cognizable Eighth Amendment claims for excessive force and deliberate
28   indifference. *See* Doc. No. 44.

                                          1

2005, plaintiff filed a cross motion for summary judgment.  On October 14, 2005, defendants filed an opposition to plaintiff's  motion and on October 20, 2005, plaintiff filed an opposition to defendants' motion.  Both parties filed replies on October 24, 2005.

## II.    Legal Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  Under summary judgment practice, the moving party

> [A]lways bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

As to plaintiff's motion for summary judgment, "[w]here the moving party has the burden of proof, . . . his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986) (quoting from W. Schwarzer, Summary Judgment Under the Federal Rules: Defining Issues of Material Fact 99 F.R.D. 465, 487 (1984)).  Thus, on a summary judgment motion, the moving party must demonstrate there is no triable issue as to the matters alleged in its own pleadings.  Id.  This requires the moving party to establish beyond controversy every essential element of its claim or defense.  Fontenot v. Upjohn Co., 780 F.2d 1190, 1194 (5th Cir. 1986).  The moving party's evidence is judged by the same standard of proof applicable at trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).

As to defendants' motion for summary judgment, "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id.  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted,

1  "so long as whatever is before the district court demonstrates that the standard for entry of summary

2  judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

3      If the moving party meets its initial responsibility, the burden then shifts to the opposing party

4  to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co.

5  v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual

6  dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender

7  evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of

8  its contention that the dispute exists. Rule 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party

9  must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the

10  suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec.

11  Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

12  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party,

13  Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

14      In the endeavor to establish the existence of a factual dispute, the opposing party need not

15  establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

16  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."

17  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings

18  and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S.

19  at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

20      In resolving the summary judgment motion, the court examines the pleadings, depositions,

21  answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c).  The

22  evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable

23  inferences that may be drawn from the facts placed before the court must be drawn in favor of the

24  opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655

25  (1962) (per curiam).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's

26  obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen

27  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

28      Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that

3

there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

### III.    Defendants' Undisputed Facts

1. At all relevant times, defendant Adriana Chacon was employed by the California Department of Corrections as a Medical Technical Assistant at the California State Prison, Corcoran. Declaration of Adriana Chacon, ¶ 2.

2. At all relevant times, defendant Kathy Doran was employed by the California Department of Corrections as a Correctional Sergeant at the California State Prison, Corcoran. Declaration of Kathy Doran, ¶ 2.

3. At all relevant times, defendant Loren Warner was employed by the California Department of Corrections as a Correctional Officer at California State Prison, Corcoran. Declaration of Loren Warner, ¶ 2.

4. On August 8, 2002, at approximately 5:00 a.m., defendants assisted plaintiff, who is a diabetic, in a diabetic finger stick test. Declarations of Adrianna Chacon, ¶ 3, Kathy Doran, ¶ 3 and Loren Warner, ¶ 3.

5. The finger stick was done using a commercially designed, retractable needle, or lancet that draws a small amount of blood to determine plaintiff's blood sugar. Declarations of Adrianna Chacon, ¶ 3, Kathy Doran, ¶ 3 and Loren Warner, ¶ 3.

6. Before the test was performed, defendant Doran explained to plaintiff that he could perform the test on himself in his cell, or that he could choose to have a nurse perform the test in a holding cell; and if plaintiff chose to have the test done in his cell, then the handcuffs and lanyard were required. Declarations of Adrianna Chacon, ¶ 5, Kathy Doran, ¶ 4 and Loren Warner, ¶ 4.

7. Plaintiff consented to the handcuffs and lanyard and requested that the test be performed in his cell. Declarations of Adrianna Chacon, ¶ 5, Kathy Doran, ¶ 4 and Loren Warner, ¶ 4.

8. The handcuffs and lanyard were placed on plaintiff and defendant Warner held the lanyard. Declarations of Kathy Doran, ¶ 5; and Loren Warner, ¶ 5.

9. Plaintiff was not able to perform the finger stick test on himself and when defendant Doran asked

4

plaintiff if he needed assistance, plaintiff handed defendant Doran the lancet and it appeared to defendants that plaintiff was inviting the assistance of defendant Doran to perform the finger-stick test.  Declarations of Adrianna Chacon, ¶ 6, Kathy Doran, ¶ 6 and Loren Warner, ¶ 6.

10.  Defendant Doran pricked plaintiff's finger and thereafter squeezed blood on the test strip, as required by the tester.  Declarations of Adrianna Chacon, ¶ 6, Kathy Doran, ¶ 6 and Loren Warner, ¶ 6.

11.  At no time did plaintiff complain of pain nor did he request medical assistance.  Declarations of Adrianna Chacon, ¶ 6, Kathy Doran, ¶ 6 and Loren Warner, ¶ 6.

12.  The use of the additional restraints were required to ensure and maintain the safety of both prison officials and inmates.  Plaintiff was housed in a high security unit and had been disruptive during a previous finger-stick test.  Declarations of Kathy Doran, ¶ 7 and Adriana Chacon, ¶ 4.

13.  At all relevant times, defendants treated plaintiff with dignity and respect in an honest effort to treat his condition.  Declarations of Adrianna Chacon, ¶ 6, Kathy Doran, ¶ 6 and Loren Warner, ¶ 6.

14.  At no time did defendants refuse to provide medical care or treatment to plaintiff.  Declarations of Adrianna Chacon, ¶ 7, Kathy Doran, ¶ 7 and Loren Warner, ¶ 7.

15.  At no time did defendants intentionally or knowingly cause plaintiff any injury or harm.  Declarations of Adrianna Chacon, ¶ 7, Kathy Doran, ¶ 7 and Loren Warner, ¶ 7.

**IV.    Plaintiff's Undisputed Facts**

1.  At the time of the injuries (8/8/02), plaintiff was housed at Corcoran's SHU facility "solely on the basis of disability."  Declaration of Jonathon Morgan in Support of Motion for Summary Judgment ("Morgan Decl."), ¶ 5.

2.  On July 31, 2002, plaintiff served upon Sergeant Doran, an Inmate Appeal Form declaring that the manual finger stick devices cause pain, and intimidation.  Plaintiff requested a transfer to a hospital or CMF (Vacaville) for use of an automatic finger stick device; or to authorize plaintiff's use of manual device on himself.  Morgan Decl., ¶ 6.

3.  On August 1, 2002, during plaintiff's a.m. finger stick, Doran stated that because plaintiff suffers from "spasms," plaintiff had to be placed in "specialized restraint equipment (lanyard)" to

administer the finger stick. Plaintiff protested, however complied under life or death rationale. Morgan Decl., ¶ 7.

4.    On August 8, 2002, plaintiff was again ordered by Doran into specialized restraint equipment operated and controlled by Warner for an in-cell finger stick through the food tray slot. Upon plaintiff's inability to administer the finger stick due to restraints, Doran seized the finger stick lancet and plaintiff's right middle finger and jabbed the lancet's point deep within the flesh of plaintiff's right finger tip by approximately 1/4" to ½" perforation and to that end Doran performed a 3/4" incision because plaintiff was "taking too long." Morgan Decl., ¶ 8 & 11.

5.    At all times during Doran's perforation and incision, plaintiff cried out in excruciating pain and tried to withdraw from such pain but each time Warner would vigorously yank the specialized restraint equipment attached to both of plaintiff's wrists thereby subjecting plaintiff into submission. Morgan Decl., ¶ 9.

6.    As a result of said acts and omissions, plaintiff suffered immediate serious injuries of profuse bleeding; numbness and pain to right fingers, hand and arm, coupled with extreme mental distress. Morgan Decl., ¶ 10.

7.    Plaintiff requested that Doran, Warner and/or Chacon summon or provide emergency medical aid but defendants refused to summon or provide emergency medical aid for bleeding and walked away. Morgan Decl., ¶ 10.

8.    Plaintiff bled from 5:00 a.m. until the arrival of MTA Rousseau who provided medical aid and executed a document labeled Medical Report of Injury or Unusual Occurrence. Morgan Decl., ¶ 11.

9.Subsequent to said injuries and treatment by MTA Rousseau, plaintiff was referred for treatment by physicians, psychiatrists and neurologists, among others, for serious injuries to his right hand, fingers and wrist; his upper right extremity; and neck suffered and sustained by the acts and omissions of K. Doran and Warner. Morgan Decl., ¶ 12a-v.

///

///

///

1    **V.      Parties Objections**

2          ***A.      Plaintiff***

3          Plaintiff objects to defendants' Undisputed Fact No. 8 on the basis that it misstates the evidence.

4    Plaintiff contends the "lanyard" is a single item in that the handcuffs are welded to the lanyard.  The

5    Court notes plaintiff's clarification of this evidence.

6          Plaintiff also objects to Undisputed Fact No. 10 as there is no evidence that Doran was a

7    "facility-employed heath care staff."  This objection is overruled in that the objection goes to the weight

8    to be given the evidence and not its admissibility.  Similarly, plaintiff's objection to Undisputed Fact No.

9    12 is overruled as the objection goes to the weight to be given the evidence.

10         ***B.      Defendants***

11         Defendants' objection to paragraph 7 of plaintiff's declaration as "ambiguous, overbroad and

12   nonsensical" is overruled.  The Court is able to discern the meaning of the statement.

13         Defendants' objections to paragraphs 8, 10, 11 and 12 of plaintiff's declaration as "irrelevant,

14   lacks foundation and hearsay" are also overruled.

15         Plaintiff's attestation about the events on August 8, 2002 and each defendants' involvement are

16   certainly relevant to plaintiff's claims of excessive force and deliberate indifference to a serious medical

17   need.  Fed. R. Ev. 401.  Further, the attestations are based on plaintiff's personal knowledge and are

18   therefore properly set forth in plaintiff's declaration.  Fed. R. Civ. P. 56(e); <u>Barthelemy v. Air Lines</u>

19   <u>Pilots Assoc.</u>, 897 F.3d 999, 1018 (9th Cir. 1990) (personal knowledge may be inferred from

20   declaration).  To the extent defendants argue the medical documents do not support the conclusions

21   relied on by plaintiff, these objections go to the weight of the evidence, not their admissibility.

22   Plaintiff's medical records are business records and therefore excepted from the prohibition on hearsay.

23   Fed. R. Ev. 803(6).

24   **VI.     Discussion**

25   _____**A.      Defendant's Motion for Summary Judgment**

26         **1.      Qualified Immunity**

27         Defendants argue they are entitled to qualified immunity on plaintiff's excessive force claim

28   because he suffered no more than a slight injury and defendants did not violate plaintiff's clearly

7

1   established rights.  Government officials enjoy qualified immunity from civil damages unless their

2   conduct violates "clearly established statutory or constitutional rights of which a reasonable person

3   would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In ruling upon the issue of

4   qualified immunity, the initial inquiry is whether, taken in the light most favorable to the party asserting

5   the injury, the facts alleged show the defendants' conduct violated a constitutional right.  Saucier v.

6   Katz, 533 U.S. 194, 201 (2001).  If, and only if, a violation can be made out, the next step is to ask

7   whether the right was clearly established.  Id.  In resolving these issues, the court must view the evidence

8   in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff.

9   Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003).

10          Plaintiff contends that he was restrained and attempting to perform his own finger stick when

11   defendant Doran "seized the finger stick lancet and my right middle finger and jabbed the lancet deep

12   within the flesh of my right finger tip by approximately 1/4" to ½" perforation" because he was "taking

13   too long."  Morgan Decl., ¶ 8 & 11.  Plaintiff contends he cried out in pain and tried to withdraw but

14   each time, defendant Warner would vigorously yank the lanyard thereby subjecting plaintiff into

15   submission.  Morgan Decl., ¶ 9.  Assuming the truth of these allegations, as the court must, there was

16   no situation occurring that required the use of the amount of force alleged.  Accordingly, these

17   allegations are sufficient to show that defendants' conduct violated the Eighth Amendment, and the first

18   prong of the qualified immunity inquiry set forth in Saucier has been met.  Saucier, 533 U.S. at 201.

19          Further, the Court rejects defendants' argument that plaintiffs' constitutional rights were not

20   violated because he can show no more than a slight injury.  With respect to excessive force claims, the

21   malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency,

22   regardless of whether or not significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d

23   623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of

24   force, not de minimis injuries)).

25          Turning to the second prong, the court must determine whether the right was clearly established.

26   Id.  The inquiry "must be undertaken in light of the specific context of the case, not as a broad general

27   proposition . . . ."  Saucier v. Katz, 533 U.S. 194, 201 (2002).  "[T]he right the official is alleged to have

28   violated must have been 'clearly established' in a more particularized, and hence more relevant, sense:

8

1    The contours of the right must be sufficiently clear that a reasonable official would understand that what

2    he is doing violates that right."  Saucier, 533 U.S. at 202 (citation omitted).

3         "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment

4    Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  "The

5    objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary

6    standards of decency."  Id. at 8 (quotations and citations omitted).  The malicious and sadistic use of

7    force to cause harm *always* violates contemporary standards of decency, regardless of whether or not

8    significant injury is evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

9    Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

10        The contours of plaintiff's Eighth Amendment right to be free from the use of excessive physical

11   force were sufficiently clear in 2002 that reasonable officers would understand that their actions were

12   unlawful in the situation they confronted.  Saucier, 533 U.S. at 202.  Accordingly, the court finds that

13   defendants are not entitled to qualified immunity, and the court recommends that defendants' motion

14   for summary adjudication on plaintiff's excessive force claim against defendants on the ground of

15   qualified immunity be denied.

16        **2.    Deliberate Indifference Claim**

17        To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

18   conditions must involve "the wanton and unnecessary infliction of pain."  Rhodes v. Chapman, 452 U.S.

19   337, 347 (1981).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

20   Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

21   measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing

22   so.'"  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732,

23   744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner

24   unless the official "knows of and disregards an excessive risk to inmate health or safety."  Farmer v.

25   Brennan, 511 U.S. 825, 834 (1994).  Deliberate indifference may be manifested "when prison officials

26   deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison

27   physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

28   on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

1    Defendants argue they are entitled to summary judgment because plaintiff cannot establish that

2    defendants knew of any substantial risk of serious harm to plaintiff or that defendants deliberately

3    disregarded such risks.  Defendants argue they were attempting to aid plaintiff in determining his blood

4    sugar level and plaintiff consented to the finger-stick test.  As a result, plaintiff suffered a slight needle

5    prick to his finger which caused it to bleed.  Doran Decl. ¶ 3, Chacon Decl. ¶3, Warner decl. ¶ 3.

6    Because this finger stick was done on a daily basis, defendants argue the injury was expected and

7    anticipated and they did not deliberately disregard a substantial risk of farm to plaintiff.  Defendants

8    contend that at all times they treated plaintiff with dignity and respect in an honest effort to treat his

9    condition.  Doran Decl. ¶ 7, Chacon Decl. ¶7, Warner decl. ¶ 7.  Defendants further deny refusing

10   medical care or treatment to plaintiff.  *Id*.

11   It is plaintiff's position that during the finger stick, he cried out in excruciating pain and tried to

12   withdraw but Warner would "vigorously yank the . . . lanyard attached to both of my writs thereby

13   subjecting me into submission and additional pain."  Morgan Decl. ¶ 15.  Plaintiff states that after the

14   finger stick, he requested that defendants summon or provide emergency medical for his "profuse

15   bleeding" but defendants refused and walked away and he was not treated until the arrival of MTA

16   Rousseau.

17   There exist factual disputes between the parties concerning whether after the finger stick test

18   plaintiff continued to bleed and whether defendants refused to assist plaintiff or summon medical care.

19   This dispute is clearly material to the issue of whether or not defendants denied medical care to plaintiff

20   and whether they disregarded an excessive risk to plaintiff's health.  The Court therefore shall

21   recommend that defendants' motion for summary adjudication on plaintiff's deliberate indifference

22   claim be denied.

23            **B.        Plaintiff's Motion for Summary Judgment**

24   To prevail on his motion for summary judgment, plaintiff must establish beyond controversy

25   every essential element of his claim.  Fontenot, 780 F.2d at 1194.  Defendants have submitted evidence

26   that defendant Doran simply ppricked plaintiff's finger and thereafter, plaintiff squeezed a single drop

27   of blood on the test strip as required by the tester.  Declarations of Adrianna Chacon, ¶ 6, Kathy Doran,

28   ¶ 6 and Loren Warner, ¶ 6.  Defendants contend that plaintiff did not complain of pain nor did he

10

indicate that he was injured or request medical assistance.  *Id*.  Defendants contend the use of the additional restraints were required to ensure and maintain safety in that plaintiff was housed in a high security unit and plaintiff had been disruptive during a previous finger stick.  Declarations of Adrianna Chacon, ¶ 4 and Kathy Doran, ¶ 7.  Defendants also contend that at all relevant times, they treated plaintiff with dignity and respect in an honest effort to treat his condition and did not intentionally or knowingly cause any injury to plaintiff.  Declarations of Adrianna Chacon, ¶ 7, Kathy Doran, ¶ 7 and Loren Warner, ¶ 7. Defendants' evidence creates factual disputes sufficient to defeat plaintiff's motion for summary judgment on his excessive force and deliberate indifference claims.

**VII.   Conclusion**

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion for summary judgment, filed September 26, 2005 and plaintiff's motion for summary judgment filed September 28, 2006, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 9, 2006**              **/s/ Dennis L. Beck**
3b142a                                   UNITED STATES MAGISTRATE JUDGE

11