# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON MORGAN,<br><br>          Plaintiff,<br><br>     v.<br><br>DORAN, et.al.,<br><br>          Defendant.<br>_____/ | CASE NO. CV-F-02-6316 AWI DLB P<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION**<br><br>(Documents #149, #152, #157, & #158) |

## BACKGROUND

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint filed July 21, 2003, against defendants Doran, Warner and Chacon (collectively "Defendants") for use of excessive physical force in violation of the Eighth Amendment and deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On September 15, 2006, the court adopted the Magistrate Judge's August 10, 2006 Findings and Recommendations denied Defendants' motion for summary judgment, denied Plaintiff's motion for summary judgment, and directed that this matter be set for trial.   Trial was then set for February 13, 2007.

On December 8, 2006, Plaintiff filed his pretrial statement, and on December 12, 2006, Plaintiff filed an amended pretrial statement.    On December 15, 2006, Defendants filed their pretrial statement, and on December 20, 2006, Defendants filed an amended pretrial statement.   On December 26, 2006, the court issued its pretrial order.  Both Plaintiff and

1   Defendants filed objections to the pretrial order and requested changes.

2         On December 27, 2006, Plaintiff filed a motion for reconsideration of the court's
3   order denying his motion for summary judgment.  Plaintiff contends that Defendants' proposed
4   undisputed facts in their pretrial statement, alleging MTA Chacon was injured on July 25, 2002,
5   and not July 31, 2002 as alleged on summary judgment, requires the court to grant summary
6   judgment to Plaintiff.  On December 29, 2006, Plaintiff filed a motion for reconsideration of the
7   court's order denying Plaintiff's December 21, 2005 motion to continue discovery.  Plaintiff
8   claims that he should now be allowed to conduct discovery regarding MTA Chacon's alleged
9   injury.

10        On January 8, 2007, the court held a telephonic trial confirmation hearing.  At the
11  hearing, the court noted that Plaintiff had filed motions for reconsideration.  The court directed
12  Defendants to file any opposition, and then continued the telephonic trial confirmation hearing to
13  January 29, 2007.

14        On January 10, 2007, Plaintiff filed a supplemental motion for relief from the
15  court's orders on summary judgment.

16        On January 19, 2007, Defendants filed an opposition to Plaintiff's motion for
17  reconsideration of the court's orders denying Plaintiff's motion for summary judgment and
18  denying Plaintiff's motion to extend the discovery deadline.

19        On January 25, 2007, Plaintiff filed a reply.

20                              **LEGAL STANDARD**

21        While Plaintiff contends his motions are brought under Rule 60 of the Federal
22  Rules of Civil Procedure, Rule 60 only allows relief from final judgment.  See Fed.R.Civ.Pro.
23  60(b) (stating court may relieve a party from final judgment based on specific grounds).
24  Because no final judgment has been entered, relief under Rule 60 is not appropriate.  As such,
25  the court presumes Plaintiff is requesting reconsideration based on the court's inherent authority
26  to reconsider prior orders.

27        The court has discretion to reconsider and vacate a prior order.  Barber v. Hawaii,
28  42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th

Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. <u>Northwest Acceptance Corp. v. Lynnwood Equip., Inc.</u>, 841 F.2d 918, 925-26 (9th Cir.1988). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. <u>Combs v. Nick Garin Trucking</u>, 825 F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. <u>See</u>, <u>e.g.</u>, <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

At issue in Plaintiff's motions is the ramification of the date MTA Chacon was injured on Plaintiff's entitlement to summary judgment and/or more discovery. Plaintiff points out that in Defendants' pretrial order, Defendants take position that MTA Chacon was allegedly stuck while conducting a diabetic stick test on Plaintiff on July 25, 2002. Defendants took the position on summary judgment, and plan to take the position at trial, that this incident is one reason why restraints were used on Plaintiff on August 8, 2002, when the events underlying this action occurred. Plaintiff maintains that the restraints were used on August 8, 2002 in retaliation for Plaintiff filing administrative appeals. In his motion for reconsideration, Plaintiff points out that the July 25, 2002 date is different than Defendants' position on summary judgment that MTA Chacon was injured on July 31, 2002. In light of evidence showing that not until August 1, 2002, new procedures concerning restraints were implemented, Plaintiff contends that the earlier date of MTA Chacon's injury shows that the reason restraints were used on

August 8, 2002 was clearly retaliation as opposed to precautionary measures to protect prison staff.

**A. Reconsideration of Plaintiff's Motion for Summary Judgment**

The court denied both Defendant's motion for summary judgment and Plaintiff's motion for summary judgment. In making this ruling, the court found that Plaintiff had submitted evidence, in the form of his own declaration, that when he was restrained and attempting to perform his own finger stick when Defendant Doran "seized the finger stick lancet and my right middle finger and jabbed the lancet deep within the flesh of my right finger tip by approximately 1/4" to ½" perforation" because Plaintiff was "taking too long." Plaintiff provided evidence that he cried out in pain and tried to withdraw but each time, Defendant Warner would vigorously yank the lanyard thereby subjecting Plaintiff into submission. This evidence differed from the evidence Defendants submitted. Defendants offered evidence that they were only attempting to aid Plaintiff in determining his blood sugar level and he consented to the finger-stick test. Defendants offered evidence that Plaintiff suffered only a slight needle prick to his finger which caused it to bleed and they did not stick Plaintiff's finger any more than necessary to perform the test. Because there was a disputed issue of fact on whether the stick and pain inflicted was required for the test or done maliciously and sadistically for the purpose of causing harm, the court found that there was a disputed issue of fact on whether Defendants' conduct violated the Eighth Amendment.

Concerning Plaintiff's motion for summary judgment, the court found that Defendants had offered evidence that the use of the additional restraints were required to ensure and maintain safety because Plaintiff was housed in a high security unit and Plaintiff had been disruptive during a previous finger stick. Defendants offered evidence that they treated Plaintiff with dignity and respect in an honest effort to treat his condition and did not intentionally or knowingly cause any injury to Plaintiff. The court concluded: "Defendants' evidence creates factual disputes sufficient to defeat plaintiff's motion for summary judgment on his excessive force and deliberate indifference claims."

The court does not find that had the court known when ruling on the motions for

summary judgment that MTA Chacon's injury occurred on July 25, 2002 instead of July 31, 2002, the court would have reached a different conclusion on Plaintiff's motion for summary judgment. First, regardless of the reason for the restraints, there remains a disputed issue of fact on what exactly occurred on August 8, 2002 and whether the stick and pain inflicted were required for the test. Only the trier of fact can resolve the conflicting accounts of what occurred on August 8, 2002.

Second, Plaintiff has never been deprived of the ability to argue that Defendants' statement that they used restraints because of MTA Chacon's injury is inconsistent with their actual use of restraints. Plaintiff himself has insisted on the fact that restraints were not used from August 2, 2002, through August 7, 2002. As such, even assuming MTA Chacon's injury occurred on July 31, 2002, Defendants did not use the restraints consistently after the alleged injury. Whether MTA Chacon's injury occurred on July 25, 2002, or July 31, 2002, Plaintiff was free to argue at summary judgment, and will be free to argue at trial, that the failure to consistently use restraints after MTA Chacon's injury implies Defendants' stated reason for using the restraints is untrue.

Third, impeaching Defendants' stated reason for using the restraints does not prove deliberate indifference, it merely is one of many facts that a trier of fact would need to find in Plaintiff's favor to find Defendants were deliberate indifferent. When a plaintiff moves for summary judgment, the plaintiff must present evidence affirmatively showing that for all essential elements of his case no reasonable jury could find for the non-moving party. United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); Calderone v. United States, 799 F.2d 254, 259 (6th Cir. 1986); see also E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.") Taking the fact that MTA Charon was injured on July 25, 2002 instead of July 31, 2002 as true, Plaintiff has still not shown that no reasonable party could find Defendants were not deliberately indifferent. Accordingly, Plaintiff's motion for reconsideration of the order denying his motion

for summary judgment must be denied.

**B.  Reconsideration of Order Denying Discovery**

After the parties had filed their motions for summary judgment and briefs, on December 21, 2005, Plaintiff filed a motion to extend the discovery deadlines.  In the motion, Plaintiff stated that an unlawful arrest warrant for parole violations had precluded him from conducting discovery.  The only arguments made in this motion concerned the lawfulness of the arrest warrant.  On August 31, 2006, after entering Findings and Recommendations that the summary judgment motions be denied, the Magistrate Judge denied the motion to extend discovery dates.  The Magistrate Judge concluded that the motion was moot because Plaintiff had filed his motion for summary judgment and his opposition and he had not shown how additional discovery was necessary to file or oppose these motions.

Plaintiff now claims that in light of the revelation that MTA Chacon was injured on July 25, 2002 instead of July 31, 2002, Plaintiff is entitled to conduct discovery to obtain MTA Chacon's medical records.  The court disagrees.  The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Until his December 29, 2006 motion, Plaintiff has never attempted to obtain MTA Chacon's medical records.  There is no indication that during discovery Plaintiff filed interrogatories, requesting Defendants' reason for using the restraints.  If he had, Plaintiff would have learned of MTA Chacon's alleged injury during the time discovery was open, which would have allowed him to attempt to obtain her medical records in a timely fashion.  Further, Plaintiff was on notice about Defendants' reliance on MTA's Chacon's injury when Defendants' filed their motion for summary judgment and opposition to Plaintiff's motion for summary judgment.  At this time, Plaintiff could have requested the motions be continued so he could obtain more information about MTA Chacon's injury.  However, Plaintiff never raised the need for discovery on MTA Chacon after these motions were filed.  Plaintiff's only stated reason for requesting more time to conduct discovery was the parole warrant, and Plaintiff never told the court what discovery he sought.  Finally, as discussed above, the fact MTA Chacon was injured on July 25, 2002 and not July 31, 2002 does

1  not greatly assist Plaintiff.  Plaintiff has always been free to argue to the trier of fact that MTA
2  Chacon was not injured, and is still free to argue that the inconsistent use of restraints after MTA
3  Chacon's injury shows MTA Chacon's injury was not the real reason for the restraints.  Thus,
4  Plaintiff has shown no reason for the court to reconsider its ruling on the December 21, 2005
5  motion to extend the discovery dates.
6         The court does not find the new evidence concerning the date of MTA Chacon's
7  injury entitles Plaintiff to additional discovery regarding this injury.

## ORDER

Accordingly, the court ORDERS that:

1. Plaintiff's motion for relief from the court's order denying summary judgment is DENIED; and
2. Plaintiff's motion for relief from the court's order denying the request to extend the discovery date is DENIED.

IT IS SO ORDERED.

**Dated:   February 5, 2007**                             **/s/ Anthony W. Ishii**
0m8i78                                                   UNITED STATES DISTRICT JUDGE