# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHON MORGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DORAN, et.al.,<br><br>　　　　　Defendant.<br>_____ / | CASE NO. CV-F-02-6316 AWI DLB P<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Document #182) |

## BACKGROUND

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeded to trial on Plaintiff's second amended complaint filed July 21, 2003, against Defendants Doran, Warner and Chacon (collectively "Defendants") for their use of excessive physical force in violation of the Eighth Amendment and their deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  On February 15, 2007, the jury returned a verdict in Defendants' favor.  On February 16, 2007, the Clerk of the Court entered judgment for Defendants.

On February 23, 2007, Plaintiff filed a motion for a new trial.   Plaintiff contends that the court erred by failing to admit evidence.   Plaintiff also contends that the court should have granted his request for a directed verdict because Defendants' actions in restraining Plaintiff violated Title 15 of the California Code of Regulations § 3268.2(a)(3).  Finally, Plaintiff contends that the court's jury instructions on de minimus force confused and misled the jury.

On March 9, 2007, Defendants filed an opposition.

1 **LEGAL STANDARD**

2    Rule 59(a) provides that: "[A] new trial may be granted to all or any of the parties and on
3 all or part of the issues (1) in an action in which there has been a trial by jury, for any of the
4 reasons for which new trials have heretofore been granted in actions at law in the courts of the
5 United States."   Pursuant to Rule 59(e), any motion to alter or amend judgment shall be filed no
6 later than 10 days after entry of judgment.  A motion to alter or amend judgment is appropriate
7 under limited circumstances, such as where the court is presented with newly-discovered
8 evidence, where the court "committed clear error or the initial decision was manifestly unjust," or
9 where there is an intervening change in controlling law. School Dist. No. 1J Multnomah County
10 v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

11    A district court's denial of a motion for a new trial or to amend a judgment pursuant to
12 Federal Rule of Civil Procedure 59 is reviewed for an abuse of discretion.  Far Out Productions,
13 Inc. v. Oskar, 247 F.3d 986, 992 (9th Cir. 2001); Defenders of Wildlife v. Bernal, 204 F.3d 920,
14 928-29 (9th Cir.2000).  A district court abuses its discretion when it bases its decision on an
15 erroneous view of the law or a clearly erroneous assessment of the facts. Coughlin v. Tailhook
16 Ass'n, 112 F.3d 1052, 1055 (9th Cir.1997).

17 **DISCUSSION**

18 **A.  Failure to Admit Evidence**

19    Plaintiff contends that he is entitled to a new trial because the court failed to admit
20 Plaintiff's medical records concerning his injury and ongoing medical problems.   Plaintiff
21 contends that the court also erred by failing to admit many documents from Plaintiff's CDC
22 prison file.  During pre-trial proceedings, Defendants moved to exclude this evidence because
23 Plaintiff could not authenticate these documents.  The court agreed that these documents could
24 not be admitted because they were not authenticated by a custodian of records.

25    The authentication requirement is satisfied by evidence sufficient to support a finding that
26 matter is what proponent claims it is. Fed.R.Evid. 901(a).   Plaintiff was given notice that there
27 was an objection to the admission of this evidence on foundational grounds, and was given an
28 opportunity to cure this defect.  See Jerden v. Amstutz, 430 F.3d 1231, 1237 (9th Cir. 2005).

Plaintiff was unable to produce a witness to authenticate these documents and the parties were unable to reach a stipulation regarding their authentication.  As such, the court properly excluded these records, and Plaintiff is not entitled to a new trial on the ground that the court erred by excluding these records.

Intertwined with Plaintiff's complaint regarding the court's failure to admit these records is Plaintiff's belief that the court erred by not subpoenaing a witness, at court expense, that could have authenticated the documents.  However, the court had no power to pay for a witness to attend trial to authenticate Plaintiff's exhibits.  The Supreme Court has declared that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress" United States v. MacCollom, 426 U.S. 317, 321 (1976).  The Ninth Circuit has found that the in forma pauperis statute, 28 U.S.C. § 1915, does not provide for the payment of fees or expenses for witnesses.  See Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989).  While 28 U.S.C. 1915 provides for service to an indigent litigant witnesses, it does not waive payment of fees or expenses for those witnesses.  Hadsell v. C.I.R., 107 F.3d 750, 752 (9th Cir. 1997).   Thus, the court did not error when it did not authorize the expenditure of public funds for the appointment of a witness to authenticate Plaintiff's exhibits.  See 28 U.S.C. § 1915.

**B.  Failure to Grant Directed Verdict**

Plaintiff next contends that the court erred by not granting Plaintiff a directed verdict because Defendants' testimony indicated that they had violated the California Code of Regulations when they restrained Plaintiff and  non-medical personal conducted the finger prick test.

Here, Plaintiff contends that Defendants' actions violated the California Code of Regulations.   However, the California Code of Regulations does not provide the legal basis for Plaintiff's civil rights violation.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) .  When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on

whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  In determining whether the use of force was wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response.  Hudson, 503 U.S. at 7.  A violation of state tort law or the California Code of Regulations is not sufficient prove a violation of Section 1983.  To state a claim under Section 1983, there must be a deprivation of federal constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).   Because the Constitution's deliberate indifference standard and the California Code of Regulations provide different tests or standards to evaluate claims, the court's failure to grant a directed verdict in Defendants alleged violations of the California Code of Regulations was not error.

**C. Jury Instruction**

Plaintiff contends that the court erred in instructing the jury on the de minimis use of force because it confused the jury.   The court instructed the jury with the following three instructions:

> **Constitutional Rights Protected by 42 U.S.C. § 1983**
> The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.  Section 1983 of Title 42 of the United States Code states:
>> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . .  to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
>
> **Excessive Force Claim**
> On the plaintiff's Eighth Amendment excessive force claim, the plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:
>> 1. the defendant used excessive and unnecessary force under the circumstances;
>> 2. the defendant acted maliciously and sadistically for the very purpose of causing harm;

      3.    the defendant acted under color of law; and
      4.    the conduct of the defendant caused harm to the plaintiff.

In deciding whether these elements have been proved, you may consider such factors as (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) whether the force was applied in a good faith effort to maintain or restore discipline, (4) the threat reasonably perceived by the defendant, (5) any efforts made to temper the severity of a forceful response, and (6) the extent of the injury suffered. In considering these factors, you should give deference to prison officials in the adoption and execution of policies and practices that in their judgment are needed to preserve discipline and to maintain internal security in a prison.

In deciding whether the defendant acted maliciously and sadistically for the very purpose of causing harm, you should consider the purpose and state of mind of the defendant.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant.

**Excessive Force**
**- De Minimus Injury**

The Eighth Amendment's prohibition against excessive force is not violated by de minimis uses of physical force, provided that the use of force is not of the sort repugnant to the conscience. For instance, not every touch or push by a prison official necessarily violates the Eighth Amendment.

Plaintiff contends that the court's instructions regarding de minimus injury confused the jury. The court does not find that this jury instruction warrants a new trial. To the contrary, it is an accurate statement of the law. The Supreme Court has found that not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10 (internal quotations marks and citations omitted). Thus, Plaintiff is not entitled to a new trial based on jury instruction error.

## ORDER

Accordingly, the court ORDERS that Plaintiff's motion for a new trial is DENIED, and Plaintiff is directed to file any notice of appeal within ten days.

IT IS SO ORDERED.

**Dated:**   **March 13, 2007**              /s/ Anthony W. Ishii
0m8i78                                  UNITED STATES DISTRICT JUDGE