# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MORGAN, | CV 1: 02-CV-6316 AWI DLB P |
| Plaintiff, | ORDER GRANTING IFP ON APPEAL |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE |
| DORAN, et al., | |
| Defendants. | ORDER GRANTING MOTION TO ENLARGE RECORD |
| | (Doc. #188, #189, #190) |

## BACKGROUND

In this action, Plaintiff Jonathan Morgan ("Plaintiff"), brought a civil rights action against Defendants for violations of Plaintiff's civil rights. After a jury trial, on February 14, 2007, the jury returned a verdict in favor of Defendants.

On February 23, 2007, Plaintiff filed a motion for a new trial. On March 13, 2007, the court denied Plaintiff's motion.

On March 20, 2007, Plaintiff filed a notice of appeal. On March 22, 2007, Plaintiff filed an application to appeal in forma pauperis. On March 22, 2007, Plaintiff filed a motion to enlarge the record. On March 22, 2007, Plaintiff filed a motion for the preparation of a trial transcripts for appeal at government expense. Plaintiff asks for transcripts of the entire trial and all pretrial hearings. Plaintiff states that he is indigent and cannot afford to pay for transcripts.

**DISCUSSION**

**A. In Forma Pauperis Status on Appeal**

Plaintiff asks that he be given in forma pauperis status on appeal. A party who was permitted to proceed in forma pauperis in the district court may proceed in forma pauperis on appeal without further authorization unless the district court certifies the appeal is not taken in good faith. <u>See</u> Fed. R. App. Pro. 24(a)(3). A review of the court's docket reveals that Plaintiff was given in forma pauperis status in this court. In addition, the court finds that Plaintiff's appeal is taken in good faith because Plaintiff is appealing a final judgment of this court. Thus, Plaintiff's motion for in forma pauperis status on appeal is granted.

**B. Expand Record on Appeal**

Plaintiff requests that the court expand the record to include a copy of a note from the jury. Rule 10(e) of the Federal Rules of Appellate Procedure provides:

> (e) Correction or Modification of the Record.
>   (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
>   (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>     (A) on stipulation of the parties;
>     (B) by the district court before or after the record has been forwarded; or
>     ©) by the court of appeals.
>   (3) All other questions as to the form and content of the record must be presented to the court of appeals.

The jury wrote a note asking the court: "What was the decision made regarding the plaintiff or defendants presenting any drawings or pictures of the triangle/layard (restraining device)?" A review of the court's docket reveals that this note does not appear to be part of the record. The court will remedy this error by granting Plaintiff's request to expand the record.

**C. Transcripts**

Plaintiff requests that the court provide him all transcripts in this action, including all pre-trial proceedings, jury voir dire and selection, trial, and jury instructions. Plaintiff is hereby

1  informed that Plaintiff's in forma pauperis status in both this court and in the Ninth Circuit Court
2  of Appeals does not automatically entitle Plaintiff to have the court reporter prepare transcripts at
3  government expense.  A litigant who has been granted in forma pauperis status may file a
4  motion to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney
5  v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir.1991) (subsequent history omitted).  Two statutes
6  must be considered whenever the district court receives a request to prepare transcripts at the
7  government's expense.  First, 28 U.S.C. § 1915©) defines the limited circumstances under which
8  the court can direct the government to pay for transcripts for a litigant proceeding in forma
9  pauperis.

> ©) Upon the filing of an affidavit in accordance with subsections (a) and (b) and
> the prepayment of any partial filing fee as may be required under subsection (b),
> the court may direct payment by the United States of the expenses of (1) printing
> the record on appeal in any civil or criminal case, if such printing is required by
> the appellate court; (2) preparing a transcript of proceedings before a United
> States magistrate judge in any civil or criminal case, if such transcript is required
> by the district court, in the case of proceedings conducted under section 636(b) of
> this title or under section 3401(b) of title 18, United States Code; and (3) printing
> the record on appeal if such printing is required by the appellate court, in the case
> of proceedings conducted pursuant to section 636©) of this title. Such expenses
> shall be paid when authorized by the Director of the Administrative Office of the
> United States Courts.

17  28 U.S.C. § 1915(c).  Second, 28 U.S.C. § 753(f) allows the court to order the government to pay
18  for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not
19  frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28
20  U.S.C. § 753(f).
21      Plaintiff's motion for transcripts provides insufficient information for the court to
22  determine whether this case is one in which limited government resources should be spent on the
23  preparation of transcripts.  In his motion, Plaintiff has merely lists all proceedings in this case
24  and asks that transcripts for all of these proceedings be prepared at government expense.
25  Plaintiff has not provided the court with the specific issues he wishes to appeal and what specific
26  transcripts he believes are necessary to litigate that claim on appeal.   More detail is necessary

because some the transcripts Plaintiff requests have nothing to do with the issues mentioned in Plaintiff's notice of appeal. For example, Plaintiff requests trial transcripts for jury voir dire and jury selection – proceedings that took half of one day – but no issue concerning jury voir dire or jury selection is mentioned in the notice of appeal . Without knowing which specific parts of the transcript are necessary for Plaintiff to fully litigate his appellate issues, the court cannot determine whether Plaintiff's request for transcripts is not frivolous and the type of transcripts which would be required. See McKinney, 924 F.2d at 1511-12.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis on appeal is GRANTED;
2. The court finds the appeal is taken IN GOOD FAITH;
3. Plaintiff's motion to expand the record is GRANTED;
4. The Clerk of the Court is DIRECTED to amend the record to include the jury note concerning drawings;
5. Plaintiff's request for the preparation of transcripts at government expense is DENIED WITHOUT PREJUDICE; and
6. The Clerk of the Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals so that the Ninth Circuit has a complete record and so that the Ninth Circuit can determine if it desires to order some transcripts be prepared at government expense.

IT IS SO ORDERED.

**Dated:   April 4, 2007**                      **/s/ Anthony W. Ishii**
0m8i78                                        UNITED STATES DISTRICT JUDGE